**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ELIZABETH RIEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA MONICA, a municipal corporation; and ROD GOULD, individually and in his official capacity,<br><br>Defendants. | CASE NO. 2:14-cv-04692-BRO-JEM<br><br>**PROTECTIVE ORDER**<br><br>[Joint Stipulation Regarding Protective Order Filed Concurrently]<br><br>Assigned to Hon. Beverly Reid O'Connell, Courtroom 14 |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is requested pursuant to Stipulation between plaintiff Elizabeth Riel ("Plaintiff"), and defendant City of Santa Monica (each a "Party" and collectively the "Parties"). The purpose of this Order is to preserve the confidentiality of certain documents and information that will be produced by the Parties during discovery. In order to preserve the confidentiality of documents and information that will be produced, the Parties have entered into the Stipulation filed concurrently requesting that the Court issue a Protective Order in conformity with the terms set forth herein. Specifically, the Parties have stipulated and agree as follows:

**INFORMATION SUBJECT TO THIS ORDER**

1. As used in this order, the term "Confidential Material" shall mean any document, portion of a document, evidence, or other information that the party producing the discovery believes in good faith to include private or personal information that has not been made generally available to the public and which is entitled to be filed under seal pursuant to the applicable legal standard. Confidential Material may be made subject to the Protective Order by marking documents, discovery responses, declarations, affidavits, briefs, memoranda, or other material by affixing the legend "CONFIDENTIAL " or a similar marking on the document, discovery response, declaration, affidavit, brief, memorandum, electronic file, or other material. As used herein, "Producing Party" shall refer to any party, including the Parties to this Action and non-parties, who disclose and/or produce any Confidential Material in this Action. "Receiving Party" shall refer to the Parties to this Action who receive Confidential Material from a Producing Party. Nothing herein shall be construed as a waiver of any Party's ability to seek an enhanced level of protection for documents and information sought in discovery.

2. Confidential Material may be made subject to the Protective Order by

marking documents, discovery responses, declarations, affidavits, briefs, memoranda, or other material by affixing the legend "CONFIDENTIAL" or a similar marking on the document, discovery response, declaration, affidavit, brief, memorandum, or other material. Any Party or non-party from whom discovery is sought in this Action, and who is producing or disclosing information which it reasonably believes in good faith constitutes Confidential Material, may designate it as set forth herein.

3. Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the applicable legal standard. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

4. Inadvertent failure to designate any information, documents or materials as Confidential Material shall not waive the Producing Party's right to later designate such information, documents or materials as Confidential Material, provided that such designation is made promptly upon discovery of the inadvertent failure. To the extent applicable, the Producing Party shall then promptly provide the Receiving Party with new copies of the information, documents or materials with the proper designation. Once notified of the inadvertent failure, all parties shall treat the late-designated information, documents or materials as Confidential Material under the terms of this Protective Order. If, before the Producing Party notifies a Receiving Party of such designation of already-produced information, documents or materials, they have been disclosed or used in a manner inconsistent with the subsequent designation, the Receiving Party shall promptly notify the Producing Party upon receiving notice of the designation as Confidential Material.

5. Confidential Material shall be used only for purposes of this litigation,

and shall not be made public or disclosed to third parties in connection with any pre-trial proceedings, except as described in Paragraph 6 herein. Confidential Material may be removed from the protections of this Protective Order in writing by the Producing Party, or by order of this Court.

6. Disclosure of Confidential Material shall be limited to the following:

(a) the Parties and their employees;

(b) the Parties' outside counsel and personnel employed by outside counsel in this Action;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and independent litigation support vendors to whom disclosure is reasonably necessary for this litigation;

(e) independent experts or consultants to whom disclosure is reasonably necessary for this litigation; and

(f) witnesses in the action to whom disclosure is reasonably necessary.

7. Each (a) consultant or outside vendor authorized pursuant to Paragraph 6(d), *supra*, (b) expert or consultant authorized pursuant to Paragraph 6(e), *supra*, and (c) witness authorized pursuant to Paragraph 6(f), *supra*, shall, prior to or concurrently with being given access to Confidential Material, acknowledge in writing his or her familiarity with the terms of this Protective Order and execute the Agreement to Comply with Stipulated Protective Order, attached hereto as **Exhibit A**.

8. In all pre-trial filings, the Receiving Party shall file Confidential Material it has received from the Producing Party according to the procedures set forth in the Court's Pilot Program -Instructions To Attorneys Procedures For Filing Under Seal Documents and, to the extent consistent with such Pilot Program, Local Rule 79-5. This Protective Order shall not govern the procedures for the

introduction of exhibits at trial or the sealing of the record at trial, without prejudice to any party's ability to seek protection for, or limit disclosure of, sensitive or confidential material at trial to the extent permitted by law.

9. In the case of depositions, if a question contains, or if a question calls for an answer that contains, or if an exhibit contains Confidential Material, counsel may designate on the record during the deposition the information that contains Confidential Material that is to be made subject to the provisions of this Order. The court reporter shall be instructed to mark the deposition transcript accordingly. Following the deposition, the witness under deposition or his counsel shall have the right, within seven calendar days of receiving a transcript of the deposition, to designate or change the confidentiality designation of the transcript or portions thereof. The Producing Party shall bear the cost of any additional or special charges assessed by the Court Reporter for making portions of a deposition record "Confidential."

10. In the event that any Receiving Party receives a subpoena or other process or order to produce Confidential Material, such party shall notify the counsel of record of the Producing Party of the document sought by such subpoena or other process or order, and shall provide counsel for the Producing Party a copy of said subpoena, process, or order. The Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the Party asserting the confidential treatment succeeds in obtaining an order modifying or quashing such subpoena, process, or order. Nothing in this paragraph should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

11. Nothing herein shall be construed as affecting any Party's ability to use any information designated as Confidential Material under this Protective Order if the Receiving Party can show that the information: (a) is at the time of disclosure,

or thereafter becomes, through no act or omission by the Receiving Party or its employees, a part of the public domain; (b) is subsequently independently developed by the Receiving Party without reliance on the Confidential Material or was in the Receiving Party's lawful possession prior to disclosure; or (c) was lawfully disclosed to the Receiving Party by a non-party that did not acquire the information under an obligation of confidentiality from or through the Producing Party.

12. Nothing herein, nor acceptance by a Receiving Party of Confidential Material with or without a challenge to the confidentiality designation, shall be construed as an agreement or admission that any information, document, or other item designated as Confidential Material is in fact confidential. If a Party to this Protective Order seeks to contest the designation of any information, materials or documents designated by another party as Confidential Material, that Party may do so by noticed motion or *ex parte* application to the Magistrate Judge. Such motion or application shall be accompanied by a declaration demonstrating a reasonable and good faith effort to informally resolve the dispute. In any challenge to the designation of Confidential Material, the proponent of the Confidential Material designation shall bear the burden of proof and must justify the propriety of the designation. Disputed material shall remain protected as designated under this Order until the Court rules on the motion or application regarding that designation.

13. Within thirty (30) days of the conclusion of the Action, including any appeal, all Confidential Material shall be destroyed by the Receiving Party. Notwithstanding the foregoing, outside counsel of record for each party may retain for its archives: (a) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other papers filed in this Action; (b) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (c) all of its work product generated in connection with this Action.

14. The Protective Order may be modified only in writing by the parties

and approved by an order of the Court, or by motion to the Court, or by the Court on its own order.

**IT IS SO ORDERED.**

Dated: March 13, 2015

Hon. John E. McDermott
United States Magistrate Judge

**EXHIBIT "A"**

**Agreement Concerning Material Covered by Protective Order**

I, ________________________________________, hereby affirm the following:

1. My address is ________________________________________. My telephone number is (_______) _______ - _________.

2. I have read and I understand the Protective Order ("**Protective Order**"), entered in the action *Elizabeth Riel v. City of Santa Monica, et al.*, Case No. 2:14-cv-04692-BRO-JEM, United States District Court, Central District of California, and I agree to be bound by its terms.

3. I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL that is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information. I further agree that I will use the Confidential Material solely for purposes of this litigation in accordance with the Protective Order.

4. I agree that I shall return all documents containing any information designated as CONFIDENTIAL that have been provided to me, together with any work product including such information designated as CONFIDENTIAL upon demand by the Court or the counsel or Party or third party who furnished such information to me.

5. In addition, I consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct and that this Agreement was executed on ____________________, 2015, at ___________________, _______________.

_____________________________________________
Signature